## MARY C. SWAN *vs.* CHARLES A. SNOW.*

If a policy of insurance on the life of a married man is made payable to his wife, and she dies before him, leaving children, the administrator of her estate, upon receiving the amount of the policy after the death of the husband, will hold it, under the statutes of Massachusetts, if no other trustee is appointed, for the benefit of the children; and the administrator of the husband's estate has no interest therein.

APPEAL from the decree of the judge of probate dismissing the petition of the administrator *de bonis non* of the estate of Horace E. Swan for a decree of distribution of the estate of Lydia W. S. Swan. The facts are stated in the opinion.

* This case was argued in Boston in March 1866.

*I. H. Wright,* for the appellant.

*T. Weston, Jr.,* for the appellee.

GRAY, J. On the 11th of October 1851 the Union Mutual Life Insurance Company, incorporated by a statute of the State of Maine of 1848, delivered at Fall River in this commonwealth to Lydia W. S. Swan, the first wife of Horace E. Swan, a policy of insurance for $2000 on his life, in consideration of the sum of $52.80 to them paid by her, and of a premium of like amount to be paid annually during the continuance of the policy, and therein promised to pay the sum insured to her, her executors, administrators or assigns, within ninety days after due notice and proof of his death. She died in 1857, leaving her husband and two minor children by him. These children still survive. The husband paid the subsequent annual premiums during his life, married a second wife in 1861, and died in 1863, leaving no other children. The amount of the policy was afterwards paid by the insurance company to the administrator of the estate of the first wife, and is the only property in his hands for distribution. The second wife, having been appointed administrator of the husband's estate, presented a petition to the probate court in this county, praying for a decree of distribution of that amount. The petition was dismissed by the judge of probate, and she appealed to this court.

By the ninth section of the charter granted to this insurance company by the legislature of the State of Maine "the said company may issue policies of insurance upon the life of any person, expressed to be for the benefit of any married woman, widow, minor or minors, and the same shall enure to the sole use and benefit of such person or persons so expressed as aforesaid, independently of the one whose life may be thus insured, as well as of his or her creditors, and of the creditors of such married woman, widow, minor or minors;" with a proviso which does not affect this case.

By the Massachusetts *St.* of 1844, *c.* 82, § 1, which was in force when this policy was made, " any policy of insurance made by any insurance company on the life of any person, expressed to be for the benefit of a married woman, whether the same be

effected by herself or her husband, or by any other person on her behalf, shall enure to her separate use and benefit, and that of her children, if any, independently of her husband and of his creditors and representatives, and also independently of any other person effecting the same in her behalf, his creditors and representatives," and a trustee may be appointed to hold and manage her interest in the policy. This provision has been substantially reënacted in the later statutes. *Sts.* 1854, *c.* 453, § 28; 1856, *c.* 252, § 42. Gen. Sts. *c.* 58, § 62.

This statement of the facts of the case, and of the provisions of the statutes, disposes of this appeal. The policy in question was effected by and issued to the first wife, and expressed on its face to be for her sole and separate use and benefit. It was not payable until after the husband's death. The payment of premiums by him after her death did not make it his property. No special trustee having been appointed to hold and manage her interest in the policy, it vested from the time of her death in the administrator of her estate, for the benefit of her children. Neither by the terms of the policy itself, nor by the charter from the legislature of Maine, nor by the statutes of this commonwealth, can the husband or the administratrix of his estate claim any property in the policy. *Decree affirmed.*